UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
ROBIN SHOALETTE HARRISON,

              Plaintiff,

 -against-

COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 20-CV-04924-FB

Appearances:

*For the Plaintiff*:
CHARLES E. BINDER
Law Office of Charles E.
Binder and Harry J. Binder, LLP
485 Madison Avenue, Suite 105
New York, NY 10022

*For the Defendant*:
BREON PEACE
United States Attorney
Eastern District of New York
By: SEAN N. STEWART
Special Assistant United States
Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

    Robin Shoalette Harrison ("Harrison") appeals the Commissioner of Social Security's ("Commissioner") final decision denying her application for Social Security Benefits. For the following reasons, Harrison's motion is granted, the

1

Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

## I.

Harrison applied for disability insurance benefits, alleging disability as of April 4, 2016, due to nerve damage that causes problems in her left shoulder, lower back, left arm and left hand. An administrative law judge ("ALJ") held a hearing on June 3, 2019 where the plaintiff appeared *pro se*. The ALJ found Harrison not disabled. On August 13, 2020, the Appeals Council denied review, and the ALJ's decision became the decision of the Commissioner. This action followed.

## II.

Remand is warranted for two reasons. First, the ALJ failed to fully develop the record. Because Social Security proceedings are inquisitional and not adversarial, ALJs have an obligation to develop the administrative record when gaps in information exist. *See Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) ("Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record."). Furthermore, since Harrison appeared *pro se*, the ALJ had a heightened responsibility to ensure that the record was fully developed, including obtaining opinions from treating medical sources:

> When a claimant...proceeds *pro se*, the ALJ's duties are "heightened." *Cruz,* 912 F.2d at 11. The ALJ must "adequately protect a *pro se* claimant's rights by ensuring that all of the relevant facts are sufficiently developed and considered" and by "scrupulously and conscientiously prob[ing] into, inquir[ing] of, and explor[ing] for all the relevant facts." *Id*.

*Moran v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009) (alteration and internal quotation marks omitted).

In Harrison's case, the ALJ transgressed by failing to obtain a detailed treating source's opinion on her ability to function in a work environment.

> [W]hen the claimant appears *pro se*, the combined force of the treating physician rule and of the duty to conduct a searching review requires the ALJ to make every reasonable effort to obtain not merely medical records of the treating physician but also a report that sets forth the opinion of that treating physician as to the existence, the nature and the severity of the claimed disability.

*Peed v. Sullivan*, 778 F.Supp. 1241, 1247 (E.D.N.Y. 1991). The ALJ's failure to obtain opinions from Harrison's treating physicians resulted in the ALJ making a finding that was not supported by sufficient evidence. Therefore, remand for further consideration is warranted.

Second, in evaluating Harrison's subjective statements, the ALJ wrongfully substituted his own judgement of the plaintiff's capabilities for that of a medical professional. *See Balsamo v. Chater*, 142 F.3d 75, 91 (2d Cir. 1998) ("[I]t is well-settled that 'the ALJ cannot arbitrarily substitute his own judgment for competent

3

medical opinion...[W]hile an [ALJ] is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician...") (citing *McBrayer v. Sec'y of HHS.,* 712 F.2d 795, 799 (2d Cir. 1983)).

The ALJ wrongly concluded that because treatment allowed Harrison to increase the scope of her daily activities, she must then be capable of full-time, sustained work. Such a conclusion fails to consider that, as in this case, "[t]here can be a great distance between a patient who responds to treatment and one who is able to enter the workforce…" *Scott v. Astrue*, 647 F.3d 734, 739-40 (7th Cir. 2011). *See also Murdaugh v. Sec. of Dep't of HHS of U.S.*, 837 F.2d 99, 102 (2d Cir 1988) (merely because the plaintiff "waters his landlady's garden, occasionally visits friends and is able to get on and off an examination table can scarcely be said to controvert the medical evidence" in proving a disability). Also, 20 C.F.R. § 404.1529(c)(3) lays out seven factors that ALJs are to consider when assessing how to credit claimants' subjective statements. Instead of considering these factors, the ALJ made a conclusory analysis based on his own lay opinion regarding the extent of Harrison's disabilities. This is legal error which requires remand.

## III.

For the aforementioned reasons, Harrison's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

**SO ORDERED**.

                                                                 _/S/ Frederic Block_____

                                                                 FREDERIC BLOCK

                                                                 Senior United States District Judge

Brooklyn, New York

August 2, 2022